IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL DAVID ROMERO RINCON,

*Petitioner,*

v.

JAMAL L. JAMISON, et al.,

*Respondents.*

CIVIL ACTION

NO. 26-4870

## ORDER

**AND NOW**, this 16th day of July, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 2), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Romero Rincon is not subject to mandatory detention under 8**

   **U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

   the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]     In January of 2023, Angel David Romero Rincon—a citizen and native of Venezuela—entered the United States with humanitarian parole. (Pet. ¶¶ 23, 26, Dkt. No. 1.)  He moved to Pennsylvania and lived here for three years before immigration authorities arrested him in July of 2026.  (*Id.* ¶¶ 28–30.)  He is currently detained at the Philadelphia Federal Detention Center under § 1225(b)(2) and thus without a bond hearing (*Id.* ¶¶ 30–34.)

   Romero Rincon filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. (*Id.* at 20–24.)  He seeks an order to declare his detention unlawful, order his immediate release or alternatively hold a bond hearing, and award him costs and reasonable attorney's fees.  (*Id.* at 24–25.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 1–2, Dkt. No. 2.)

   The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Romero Rincon was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  Ordering a bond hearing is more appropriate than releasing Romero Rincon, and the Court need not address his due process or APA claims.  *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).

2.  **On or before July 23, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Romero Rincon with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.  Should the immigration judge deny bond, Romero Rincon may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.